PARKER, Judge.
Michael Green filed a motion to correct an illegal sentence which the trial court summarily denied stating that the motion was unsworn. We affirm in part and reverse in part.
The motion contained an oath; however, the oath attached to the motion does not satisfy the model oath which the supreme court adopted in Florida Rule of Criminal Procedure 3.987. The trial court, therefore, properly denied that portion of Green’s motion which alleged that his conviction was obtained because Green did not understand the consequences of his guilty plea because that portion of the motion is a motion for *78 postconviction relief and required an adequate oath. See Fla.R.Crim.P. 3.850(c). Further, that portion of the motion is time barred. See Fla.R.Crim.P. 3.850(b).
The remaining allegations in Green’s motion alleged an illegal sentence for the trial court’s failure to conduct a hearing and establish the necessary predicate that Green qualified to be sentenced as a habitual offender. A motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 does not require an oath, and the trial court’s summary denial, without attaching a sufficient record to support the denial, was error.
We reverse and remand this case to the trial court to address the habitual offender sentence. Should the trial court again deny Green’s motion, the trial court’s order shall contain adequate attachments to the order to justify the denial. See Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983). Otherwise, Green is entitled to an evidentiary hearing.
RYDER, A.C.J., and DANAHY, J., concur.