PARKER, Judge.
Michael Green appeals the trial court order denying his motion to correct sentence. We reverse because of insufficient attachments to the record.
This is the court’s second attempt to resolve Michael Green’s appeal from a motion to correct sentence. Green’s original motion alleged that he was sentenced on December 10.1991, under three circuit court case numbers. The motion further alleged that one of the three sentences was an illegal sentence because he was sentenced to eighteen years as a habitual offender without the trial court being provided with the necessary predicate documents to support a habitual sentence. Following the appeal from the trial court’s denial of that motion, this court reversed and remanded the case to the trial court to address the allegation of the illegal habitual sentence. See Green v. State, 661 So.2d 77 (Fla. 2d DCA 1995).
The trial court again denied Green’s motion and attached sentencing documents in Circuit Court Case No. 90-8498, which reflect that Green was sentenced on November 7.1991, to twelve years in prison and was not adjudged to be a habitual offender. However, the order does not address Circuit Court Case Nos. 91-06245 and 91-10679 which were contained in Green’s original motion. Supplemental court records which this court has ordered from the Clerk of Circuit Court reflect that Green was sentenced to concurrent terms of eighteen years in prison as a habitual felony offender in Case Nos. 91-06245 and 91-10679.
*986 Although the trial court’s attachments resolved Green’s allegation as to Circuit Court Case No. 90-9498, this court cannot resolve Green’s allegations of a lack of predicate for sentencing as a habitual felony offender in Case Nos. 91-06245 and 91-10679. We are compelled again to reverse and remand this case to the trial court to provide adequate attachments to its order to justify the denial of Green’s motion.
Reversed and remanded.
DANAHY, AC.J., and LAZZARA, J., concur.